UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| ELIZABETH HAMILTON, | ) | No. ED CV 11-00297-VBK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| v. | ) | |
| | ) | (Social Security Case) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits.  Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge.  The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner.  The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issues:

    1.   Whether the Administrative Law Judge ("ALJ") properly

considered the October 8, 2007 opinions of Dr. Linda Smith, M.D., the psychiatric consultative examiner. (JS at 3.)


This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law.  After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.


**I**

**THE ALJ PROPERLY CONSIDERED THE OPINION OF DR. SMITH,**

**THE PSYCHIATRIC CONSULTATIVE EXAMINER**

Plaintiff asserts that the ALJ erred in not properly considering the opinions of psychiatric consultative examiner ("CE") Dr. Smith, who determined in part that Plaintiff has mild impairments in four areas related to mental functioning. (See AR at 210-211.)

The ALJ found that "the substance induced mood disorder is a very questionably severe mental impairment." (AR 10.)  He concluded that in activities of daily living, Plaintiff has mild restrictions; social functioning, moderate difficulties; concentration, persistence or pace, mild difficulties; episodes of decompensation, none of extended duration. (AR 11.)

In making this mental health evaluation, the ALJ considered Plaintiff's own description of her mental health symptoms (AR 13-14) and also treatment and examination records concerning her mental health. (AR 17.)  These include an October 8, 2007 psychological CE from Dr. Smith. (AR 202-211.)

//

//

**A.**   **Applicable Law**.

In evaluating mental impairments, 20 C.F.R. §404.1520a(c)(3)(4) and §416.920a(c)(3)(4) mandate that consideration be given, among other things, to activities of daily living ("ADLs"), social functioning; concentration, persistence, or pace; and episodes of decompensation.  These factors are generally analyzed in a Psychiatric Review Technique Form ("PRTF").  The PRTF is used at Step Three of the sequential evaluation to determine if a claimant is disabled under the Listing of Impairments; however, the same data must be considered at subsequent steps unless the mental impairment is found to be not severe at Step Two.  See SSR 85-16.

20 C.F.R. §§404.1520a(c)(1) and 416.920a(c)(1) require consideration of "all relevant and available clinical signs and laboratory findings, the effects of your symptoms, and how your functioning may be affected by factors including, but not limited to, chronic mental disorders, structured settings, medication and other treatment."[1]

SSR 85-16 suggests the following as relevant evidence:

> "History, findings, and observations from medical sources (including psychological test results), regarding the presence, frequency, and intensity of hallucinations, delusions or paranoid tendencies; depression or elation; confusion or disorientation; conversion symptoms or phobias;

---

[1]   20 C.F.R. §404.1545(c) and §416.945(c) also require consideration of "residual functional capacity for work activity on a regular and continuing basis" and a "limited ability to carry out certain mental activities, such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, co-workers, and work pressures in a work setting."

3

psycho-physiological symptoms, withdrawn or bizarre behavior; anxiety or tension. Reports of the individual's activities of daily living and work activity, as well as testimony of third parties about the individual's performance and behavior. Reports from workshops, group homes, or similar assistive entities."

It is also required under §404.1520a(c)(2) and §416.920a(c)(2) that the ALJ must consider the extent to which the mental impairment interferes with an "ability to function independently, appropriately, effectively, and on a sustained basis" including "such factors as the quality and level of [] overall functional performance, any episodic limitations [and] the amount of supervision or assistance [] require[d]."

Pursuant to the September 2000 amendments to the regulations which modify 20 C.F.R. §404.1520a(e)(2) and §416.920a(e)(2), the ALJ is no longer required to complete and attach a PRTF. The revised regulations identify five discrete categories for the first three of four relevant functional areas: activities of daily living; social functioning; concentration, persistence or pace; and episodes of decomposition. These categories are None, Mild, Moderate, Marked, and Extreme. (§404.1520a(c)(3), (4).) In the decision, the ALJ must incorporate pertinent findings and conclusions based on the PRTF technique. §404.1520a(e)(2) mandates that the ALJ's decision must show "the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of

limitation in each of the functional areas described in paragraph (c) of this section."

The Step Two and Three analyses (see Decision at AR 53-54) are intended to determine, first, whether a claimant has a severe mental impairment (Step Two), and if so, whether it meets or equals any of the Listings (Step Three).  It is also required under §404.1520a(c)(2) and §416.920a(c)(2) that the ALJ must consider the extent to which the mental impairment interferes with an "ability to function independently, appropriately, effectively, and on a sustained basis" including "such factors as the quality and level of [] overall functional performance, any episodic limitations [and] the amount of supervision or assistance [] require[d]."

These findings and conclusions are relevant to the Step Two and Three analysis of whether a claimant has a severe mental impairment, and if so, whether it meets or equals any of the Listings. (See 20 C.F.R. Part 4, subpart p, App. 1.)  The discussion in Listing 12.00, "Mental Disorders," is relevant:

> "The criteria in paragraphs B and C describe impairment-related functional limitations that are incompatible with the ability to do any gainful activity. The functional limitations in paragraphs B and C must be the result of the mental disorders described in the diagnostic description, that is manifested by the medical findings in paragraph A.
>
> In Listing 12.00C, entitled 'Assessment of Severity,' it is stated that, 'we assess functional limitations using the four criteria in paragraph B of the Listings: Activities of daily living; social functioning; concentration;

persistence, or pace; and episodes of decompensation.  Where we use 'marked' as a standard for measuring the degree of limitation, it means more than moderate but less than extreme."

Social Security Ruling ("SSR") 96-8p makes the same point in distinguishing evidence supporting a rating of mental severity at Step Two, a Listing level impairment at Step Three, and the determination of an individual's MRFC at Step Four.

### B.   **Analysis**.

Contrary to Plaintiff's argument, where the ratings of at least three of the four main mental functional areas is considered to be "none" or "mild," the impairment is typically considered to be not severe.  <u>See</u> 20 C.F.R. §§ 404.1620a(e)(1), 416.920a(e)(1).

The CE's conclusions were consistent with those of the State Agency reviewing physician who evaluated Plaintiff the four mental health functioning areas, determining that she had only mild limitations in the first three areas and no episodes of decompensation. (AR 228.)

Nevertheless, Plaintiff asserts that the ALJ failed to properly consider the CE's report.  This claim is not borne out by the decision, in which the ALJ determined that he gave "great weight to the opinion of the consultative examiner..." (AR 18.)  It may be noted that the CE reached her conclusions despite finding that Plaintiff "was not entirely credible as a historian." (AR 202.)  There were several incidents involving exaggeration of impairments and inconsistencies in reporting which were noted by the CE.

Plaintiff also contends that the ALJ erred in utilizing the Grids to determine non-disability, and should instead have utilized the services of a vocational expert ("VE"). Plaintiff relies on <u>Thomas v. Barnhart</u>, 278 F.3d 947, 960 (9th Cir. 2002). But again, Plaintiff is mistaken. The Grids may be utilized in a situation such as this where they adequately account for a claimant's abilities and limitations. In this case, the non-exertional limitations were indicated to be mild, and therefore did not necessitate calling upon the assistance of a VE, as Plaintiff contends. As the ALJ determined, based on her residual functional capacity for a full range of sedentary work, and considering her age, education and work experience, a finding of "not disabled" is directed by Medical-Vocational Rule 201.27. <u>See</u> AR at 19.

Based on the foregoing, the Court must reject Plaintiff's claims of error, and will therefore affirm the ALJ's decision and this matter will be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: _December 2, 2011_ 　　　　　　 _____/s/_____

VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE